## Case No. 18,066.

In re WRIGHT et al.

[10 Ben. 14.][1]

District Court, S. D. New York. June, 1878.

LIMITATION OF LIABILITY OF SHIP-OWNER — VESSEL REPAIRED AFTER COLLISION—FREIGHT — SAILING ON SHARES.

1. A collision occurred between two schooners, the S. and the A. T. on May 6, 1878. On the 11th of June, 1878, the owners of the S. filed a libel against the A. T. to recover their

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

damages. The A. T. had been in the meantime repaired. On the 14th of June her owners filed a petition to limit their liability. A reference was had to fix her value, and the commissioner reported that her value after the collision was $500, and that the interest of the owners in her pending freight was $139.25, and the owners of the S. excepted to the report: *Held*, that the value, to which the liability of the owners of the A. T. would be limited, was the value of the vessel after the collision and before she was repaired; that, as the vessel was sailed on shares by a master who was not an owner, the interest of the owners in the freight was one-half of it after deducting port charges, which the commissioner had reported.

2. The exceptions must be overruled.

[In the matter of the petition of John G. Wright and others for limitation of liability in respect to damages alleged to have been caused by their schooner, the Adeline Townsend.]

E. L. Owen, for petitioners.
Coudert Bros., for libellants.

CHOATE, District Judge. The petitioners are the owners of the schooner Adeline Townsend. June 11, 1878, the schooner was attached and a libel brought by the owners of cargo of the schooner Sophia Wilson, for damage sustained in consequence of a collision between that vessel and the Adeline Townsend, alleged to have been caused by the fault of the Adeline Townsend. June 14, 1878, the petitioners filed their petition, to obtain the benefit of the act of 1851, limiting the liability of ship owners. Rev. St. § 4283 et seq. The collision happened on the 6th of May, 1878. The Townsend was badly injured, and afterwards and before she was so attached she was repaired by the petitioners.

A reference was ordered to ascertain and report the value of the Townsend after the collision, and the interest of her owners in her pending freight. The commissioner has reported that the value of the vessel after the collision was $500, and the interest of the owners in her pending freight was $139.25. To this report the libellants have excepted as to the value of the vessel, claiming that the act, limiting the liability of the owners, limits their personal liability only, and does not limit or impair the remedy which parties may have against the vessel; that therefore, if the owners repair after the collision, the lien for the damages still attaches to the vessel; and that they are entitled to have her valued as she is at the time of the attachment.

It is well settled that the value, which is the measure of the owners' liability, is the value of the vessel immediately after the collision. Norwich Co. v. Wright, 13 Wall. [80 U. S.] 104. Whenever, therefore, under the statute and the rules made for carrying it into effect, the owners apply in proper form to have this limit of their liability determined, it must be fixed by the measure of the

value of the vessel just after the collision. When this value is so determined and the amount secured in due form or paid into court, all pending actions whether in personam or in rem are to cease and be stayed. This claim of the libellants has no support either in the statute, the rules or the decisions under them.

There is also no equity in their claim. The additional value, which the owners have put upon the vessel by repairing her, constituted no part of her at the time the damage was sustained. To allow this claim would seriously embarrass owners of vessels against which a claim for damage might be made. They could not safely repair till a libel was brought, and yet they could not compel the bringing of a libel. It is obvious that this would seriously impair the value of their property and prevent the use of it. But clearly the act fixes a liability, whether the injured party seeks to enforce it in personam or in rem, measured by the value at a time certain and not a shifting and moveable value.

The libellants also except to the report of the commissioner as to the freight. The vessel was sailed by the master, who was not one of the owners, on half shares. The interest of the owners in the freight was one-half of the freight after deducting port charges, and so the commissioner has found.

Report confirmed.