## THE CAPTAIN JACK.

(District Court, D. Connecticut. July 1, 1908.)

No. 1,560.

1. SHIPPING—PROCEEDING FOR LIMITATION OF LIABILITY—APPRAISAL OF VESSEL.

In a proceeding for limitation of liability arising out of an accident which occurred more than two years before the proceeding, in appraising the value of the vessel at the time of the accident, deductions from her present value on account of additions made since the accident should also be made at their present value, and not at their cost.

[Ed. Note.—For cases in point. see Cent. Dig. vol. 44, Shipping, § 656.]

2. SAME—"FREIGHT PENDING"—EARNINGS IN WRECKING SERVICE.

Where. at the time of an injury which gave rise to proceedings for limitation of liability. the vessel surrendered was employed in raising a sunken vessel under a contract by which the petitioner received a stated sum for the service, such sum may properly be considered as "freight pending" within the meaning of the statute, which must also be surrendered, and no deduction can be made therefrom on account of other vessels or appliances also used in the service, but which the petitioner did not surrender.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 4, pp. 2976–2977.]

In Admiralty. On exceptions to commissioner's report.

Carpenter, Park & Symmers, for petitioner.

C. A. Morse and E. H. Rogers, for damage claimant.

PLATT, District Judge. By its petition filed October 28, 1907, the T. A. Scott Company sought the protection of the limited liability law, and offered up its interest in the Capt. Jack in the condition in which she was after an accident which occurred upon her on February 7, 1905, including in such interest "freight pending at the time of the accident, if any." It was sent to a commissioner to make due appraisement thereof, and his report is before me. He finds that, at the time of the appraisement of the derrick scow or lighter Capt. Jack, she was shown to have been worth $2,000 at the time of the accident, but that in reaching this estimate the witnesses had included an engine, drums, and addition to the house, which have been put on the lighter since the accident and amount to $700 in value, which ought to be deducted so as to find her worth at the time of the accident. The damage claimant excepts to this deduction, because she says that the commissioner had nothing to base it upon, except testimony that the amount deducted was what the additions cost.

The method adopted by the commissioner was wrong in principle. Starting with a market value in 1907 of the Capt. Jack plus additions since the accident, he ought to have deducted the 1907 value of those additions in order to reach the estimated value in 1905. An examination of the testimony teaches me that the damage claimant has strong reason for urging that the commissioner's information was too meagre to support any conclusion on these points, but I am hopeful that the way in which I shall treat the matter will tend to promote absolute justice in the end. To send the matter back now because of the error would entail more expense than the situation warrants, and my notion is that by cutting the deduction in half a fair result will be reached. The position which I take is based upon the assumption that the experts who enlightened the commissioner would, if they had been put to it, have reckoned the market value of the little engine, drums, and addition to the house at $350, instead of $700. With the report thus modified, the result is an addition of $350 to the total value, making it $3,625.

The commissioner added, "Amount received for raising the Zouave, $800," and says that this amount should be included as "freight pending" within the reasonable meaning of the limited liability law. To this the petitioner excepts, and in doing so takes a somewhat peculiar position. An examination of the report of the commissioner and of the evidence which was offered before him develops the following situation: The petitioner made a "no cure, no pay," contract to raise the sunken Zouave in New Haven Harbor. To carry out the contract the petitioner needed: (1) The derrick lighter Capt. Jack, which is incapable of self-propulsion. (2) A complete diving equipment. (3) Some vessel (of which the Harriet is a type) which moving by power within itself could bring the Capt. Jack and the diving apparatus from New London to New Haven. The three distinctively separable parts of the general equipment were necessary in their totality to the success of the adventure. The petitioner admitted before the commissioner that part 2 should be added to its interest in the Capt. Jack. The claimant urged the addition of the Harriet, but to this the petitioner strenuously and successfully objected, because it was "not with-

in the issue." The commissioner, therefore, with no evidence before him about the Harriet, finds the value of parts 1 and 2 of the general necessary equipment, and adds the contract price for raising the Zouave.

The petitioner's exceptions are urged upon two theories. The first theory is that the contract was a salvage contract, and that salvage is an incident to the voyage of a ship, and the gains therefrom cannot be construed as coming within the meaning of Congress when it used the words "freight pending." My impression about that is this: The raising of the Zouave was the essential and only purpose for which the enterprise was undertaken. If the petitioner had contracted to carry paving stones from New London to New Haven for a certain price, it could have used the Capt. Jack minus the diving equipment. There is no other difference between the imaginary case and the one at issue. The second theory, and the one most strenuously urged, is that since the enterprise required the Capt. Jack and the Harriet, and the gain must come from their joint efforts, it cannot be attached in its entirety to the efforts of the Capt. Jack. I cannot understand how the petitioner can expect, as it has up to this time, to exclude the Harriet from the value surrendered, and in the next breath to include her as one of the necessary factors in carrying out the contract. It is an open question, reserved for the final hearing, whether the petitioner ought not, in order to limit its liability, to have given up the entire plant necessarily engaged in the adventure. If the law is so that it can surrender a part of that plant, it ought not to quarrel as to how the price for the service should be distributed. The derrick lighter and the diving equipment together furnished all that was needed, except that the ability to move about from place to place did not inhere within the lighter itself. The commissioner excluded the Harriet as not within the issue, and, as I am with him on the first theory advanced to sustain the exception, and as the second theory seems unfounded, because it is based upon facts which were excluded by the commissioner, I am bound to accept his report in respect to the addition of the $800.

Let the value of the petitioner's interest in the property surrendered be entered at $3,625.