## THE WEST HARTLAND.

(District Court, W. D. Washington, N. D. February 8, 1924. On Rehearing of Petition as to Repairs, March 10, 1924.)

No. 6426.

1. Collision ⬯140—In limitation proceedings against collision damages, owner's liability is measured by value of ship immediately after collision.

In proceedings for limitation of liability for collision damages, the measure of the owner's liability is the value of the vessel immediately after the collision from which he may claim only for money necessarily expended to preserve her from loss or destruction.

2. Collision ⬯140—In limitation proceedings owner cannot claim for subsequent repairs to vessel.

In proceedings for limitation of liability for collision damages, where the owner has made extensive repairs since the collision, he may obtain the benefit of such expenditure by surrendering the ship's appraised value immediately after the collision; but, if he elects to surrender the ship, he cannot assert a prior lien on the proceeds for the cost of such repairs.

In Admiralty. Petition by the United States, acting through the United States Shipping Board, represented by the United States Ship-

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ping Board Emergency Fleet Corporation, for limitation of liability as owner of the steamship West Hartland. On claim of petitioner for cost of repairs. Denied.

By decision filed September 21, 1923 (295 Fed. 547), on petition and over objection of claimants, limitation of liability was granted. In the petition for limitation it is said that as a result of the collision the stem and bow of the ship were split, torn, crushed, and destroyed as far as the fore peak or collision bulkhead, and that the vessel was compelled to return to the Port of Seattle, where she was drydocked and repaired at large expense, and that she was made seaworthy and of much greater value than immediately after the collision. The petitioner now seeks to have repaid to it the sum of $63,250, the amount necessarily expended in repairing the vessel and placing her in a seaworthy condition; after being repaired, the vessel was kept in a safe berth until surrendered. It is not denied that the repairs of the vessel were not worth the sum expended, but it is said that the vessel should have been surrendered immediately following the collision or appraisement obtained pursuant to statute and stipulation filed for its then value, and that the petitioner may not now recover what was voluntarily paid in its repair.

Bronson, Robinson & Jones, of Seattle, Wash., for petitioner.

Grosscup & Morrow, Bogle, Merritt & Bogle, and Huffer, Hayden & Bucey, all of Seattle, Wash., for claimants.

NETERER, District Judge. "It is well settled that the value, which is the measure of the owners' liability, is the value of the vessel immediately after the collision." Norwich Co. v. Wright, 13 Wall. 104, 20 L. Ed. 585; In re Wright et al., Fed. Cas. No. 18,066, 30 Fed. Cas. 659; Boston Marine Ins. Co. v. Metropolitan Redwood Lbr. Co., 197 Fed. 703, 117 C. C. A. 97; Pac. Coast Co. v. Reynolds, 114 Fed. 877, 52 C. C. A. 497.

The value of the vessel immediately after the collision obviously was its value in a seaworthy condition, less the cost of repairs. Judge Choate, in Re Wright et al., supra, at page 660, said:

"The additional value, which the owners have put upon the vessel by repairing her, constituted no part of her at the time the damage was sustained."

Judge Ross for the Circuit Court in Pacific Coast Co. v. Reynolds, supra, held that the expense of the owner in releasing a vessel from the rocks and having her towed to port must be deducted from the value of the vessel as she was lying, stranded on the reef—not only the expense incurred, but also an allowance on account of the risk and hazard, and this was affirmed in Boston Marine Ins. Co. v. Met. Redwood Lumber Co., supra; in this case Judge Gilbert said that the value of the ship on limitation of liability is her value immediately after the collision, less the expense of her salvage and an allowance for the risk and hazard affecting the rescue. To the same effect is The Abbie C. Stubbs (D. C.) 28 Fed. 719.

There being no contention as to the value of the repairs, it would seem that equity would not be much concerned with the fact that the vessel was not appraised and released on stipulation prior to sale. I think this is sustained by The Captain Jack (D. C.) 162 Fed. 808, as

well as on principle. Equity is remedial justice and is concerned with the rights of the parties. "Equity delights in justice."

In the absence of anything to the contrary, the sale is conclusive in establishing the value of the vessel; it not being denied that the repairs made were not reasonably worth the sum expended, and the court having heretofore found by decision of September 21, 1923, that the value of the vessel immediately following the collision was the same as at the time of surrender, plus the repairs. Upon the record and as presently advised, I think the claim should be allowed.

### On Rehearing of Petition as to Repairs.

On rehearing it is asserted that the basis for the court's assumption that there was no denial that the repairs were not worth the sum expended is erroneous, in that there is no evidence that the amount of the repairs added an equivalent value to the ship and that such burden resting upon the petitioner, and no proof being offered, the value is not established and that the equities are all in favor of the collision claimants, since they moved promptly to enforce their maritime liens against the vessel, which has been held at fault, long prior to the added repairs by the petitioner, and that the only right to recover, if any, on the part of the petitioner, must be limited to the reserved claim in the petition for limitation for "such an amount of money as was necessary to preserve said 'West Hartland' from loss or destruction."

[1, 2] The court in its decision said:

"There being no contention as to the value of the repairs, it would seem that equity would not be much concerned with the fact that the vessel was not appraised and released on stipulation prior to sale. * * * Equity is remedial justice and is concerned with the rights of the parties. 'Equity delights in justice.' "

With the petition for rehearing is presented, and considered under stipulation of the parties, invoice on repairs and specifications for repairs and renewals, from which it appears repairs and alterations were made, in which are included expense of wharfage, towage, dockage, water for testing and refilling tanks and/or boilers, insurance premiums. etc. The issue was submitted upon the petition for limitation of liability and testimony taken upon hearing of the petition. In the argument upon the limitation petition, the petitioner's opening brief stated:

"Evidence of all of the witnesses whose depositions have been taken * * * establishes the fact that in April, 1921, there was no market value for the 'West Hartland,' except of a nominal character; the Shipping Board had over a thousand similar vessels for sale; the evidence of such well-posted men as Mr. Philbin, sales manager of the Shipping Board, of Mr. Farley, former vice president of the Shipping Board, and of Capt. Pillsbury and Mr. Nikum, witnesses for the claimants, conclusively showed that there was no market for the 'West Hartland' at and for a long time subsequent to April 1, 1921. Capt. Pillsbury testified that the market value was still lower between April, 1921, and April, 1922."

The settled rule, as stated in the decision of February 8th, fixes the value of the vessel immediately after the collision as the measure of the owner's liability; and the owner is not required to surrender the value of his repairs in a limitation proceeding. He may adopt one of two

remedies: (a) Surrender; (b) Appraisement. Norwich Co. v. Wright, 13 Wall. 104, 20 L. Ed. 585. The owner elected to surrender the vessel.

In the specifications are items of expenditure which could not, under any view of approach, be allowed, and if like seaworthy vessels had only a nominal value, the cost of repairs which were made would not add the expenditure to the ship's value. The petition alleges the vessel free from liens and asserts that the money expended added greater value. It also says (paragraph 10):

"She is now, on account of the money expended by the petitioner in preserving the said res as aforesaid, of much greater value than she was immediately after the collision."

The collision occurred March 31, 1921, and the vessel was surrendered December 2d following. The repairs were made between May 2d and June 5, 1921. If the owner speculated upon the value of the ship by delaying the surrender—sought to prevent depreciation by the repairs—the burden of the repairs ought not to be impressed upon the collision claimants. The Rose Culkin (D. C.) 52 Fed. 334; The Amos D. Carver (D. C.) 35 Fed. 665; The Benefactor, 103 U. S. 239, 26 L. Ed. 351. The allegation (paragraph 12) that the vessel is free from lien would appear to express an intent to waive any claim for repairs which had been made. To impress upon the fund a preferred claim for the cost of the repairs is impressing indirectly a lien upon the vessel in favor of the owner, who has paid for the repairs and replacements. Local Admiralty Rule 82 provides, among other things, that no final decree exempting from liability will be made until prior liens shall be paid or secured independently of the property surrendered, and this statement in the petition was made in the light of this rule, and no doubt as a waiver of any claim for lien.

The allegation in the petition showing payment for repairs, etc., is in harmony with Admiralty Rule 82, supra, and a condition precedent to decree limiting liability. The owner, under the specific reservation in his petition for limitation, may claim only for money necessarily expended to preserve the ship from loss and destruction (Pac. Coast Co. v. Reynolds, 114 Fed. 877, 52 C. C. A. 497; The Abbie C. Stubbs [D. C.] 28 Fed. 719), and as to this the former opinion is modified.

The parties may agree upon the amount thus expended; if not, the court will have to be further advised.